LOFTIN et al. v. EDGAR, Administrator, etc.

APPEAL FROM CRAIGHEAD CIRCUIT COURT.

HON. WILLIAM C. HAZELDINE, *Circuit Judge.*

*U. M. Rose,* for Appellants.

*First.* The chapters of the Digest not being law, the Circuit Court had no jurisdiction, and its judgment is a nullity. *Levy vs. Shurman,* 6 *Ark.,* 182 ; *Derton vs. Boyd,* 21 *Id.,* 267.

*Second.* The answer was evidently good.   If the administrator had illegally squandered the assets, or had claims allowed which were not valid, he and his sureties would be liable for the devastavit, and he could not ask for a sale of the land.   *Mooers vs. White,* 6 *Johns. Ch.,* 360 ; *Gilchrist vs. Rea,* 9 *Paige,* 66 ; *Renwick vs. Renwick,* 1 *Bradf.,* 234 ; *Biles Estate,* 2 *Brews. Pa.,* 609 ; *Martin vs. Rellehan,* 3 *W. Va.,* 480.

GREGG, J.—On the 27th day of May, 1870, the appellee filed his petition, in the Craighead Circuit Court, praying an order for the sale of 740 acres of lands, held by him as administrator of the estate of Robert W. Loftin, deceased, to pay debts probated against said estate.

The appellants, as heirs of the deceased, appeared, and, on their petition, were made parties defendant, and filed a demur-

rer to the complaint. The plaintiff amended by filing what was termed a general statement. After which a demurrer was still interposed, but the court overruled the demurrer, and the defendants filed their answer, in which they alleged that the appellee had received effects more than sufficient to pay all debts that had been probated against the estate.

*Secondly.* That the debts were not over $700.00, and that the assets amounted to $2500 00.

*Thirdly.* That all debts classed had been paid.

*Fourthly.* That he had made a detailed statement of his appointment as administrator, the assets that came to his hands, the payment of $156 00, for board and tuition and other fraudulent settlements, etc.; that he had obtained credits for certain sums paid, etc., and fraudulently procured himself appointed guardian to prevent resistance to false and fraudulent settlements, etc.

The respondents, as a counter action, averred that the plaintiff had assets of the estate in his hands to the amount of $1500, over what was necessary to pay all debts, etc. The answer was duly sworn to.

The plaintiff demurred to the answer, and the record says the court sustained the demurrer in toto.

The appellants said nothing farther, and the court gave judgment for the appellee, and ordered the lands sold as prayed for.

Appellants moved for a new trial and in arrest of judgment, which motions were overruled, and they appealed.

The answer was a sufficient response to the petition. It alleged an illegal expenditure of money, and the amount and manner of such expenditure. It gave the amount of debts and assets and showed and averred that the personal assets were largely more than the debts, etc., and it should have been held good.

This proceeding was an attempt to sell lands of the estate under what was known as the "Chapters of the Digest." As the Chapters relating to administration, were not law—see

*Vinsant vs. Knox, page* 266, 27 *Ark.*, the Circuit Court had no jurisdiction thus to intermeddle with an estate in the course of administration, and the demurrer to the petition should have been sustained.

The judgment is reversed and the cause remanded with directions to sustain the demurrer to the petition, and dismiss the cause.